```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------X
EARL C. RANDALL,                      |
                                      |
            Plaintiff,                |
                                      |     05 cv 6490 (KMW)(KNF)
     -against-                        |          ORDER
                                      |
PMG JOHN POTTER,                      |
                                      |
            Defendant.                |
--------------------------------------X
```
KIMBA M. WOOD, U.S.D.J.:

    Plaintiff Earl C. Randall ("Plaintiff") brought this action, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17 ("Title VII"), as amended, alleging that he was subjected to (1) retaliation and (2) discrimination based on his race, color, national origin, and gender. Defendant John Potter, Postmaster General of the United States Postal Service ("Defendant"), moved for summary judgment pursuant to Federal Rule of Civil Procedure 56, requesting that the Court dismiss Plaintiff's entire complaint.

    By Report and Recommendation dated September 26, 2007 (the "Report"), familiarity with which is assumed, Magistrate Judge Kevin Nathaniel Fox recommended that this Court grant Defendant's motion for summary judgment.

    The Report informed the parties that, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b), in conjunction with Rule 6, of the Federal Rules of Civil Procedure, they had ten days from service of the Report to file any objections. The Report also informed the parties of their opportunity to request an extension of time

to file objections.  Finally, the Report explicitly cautioned that failure to file timely objections would preclude appellate review.

   No objections have been filed, and the time to object has expired.  See IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993).  The Second Circuit "ha[s] adopted the rule that failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision," Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (citations omitted); "[t]he Supreme Court upheld this practice, at least when the parties receive clear notice of the consequences of their failure to object." Id. (citing Thomas v. Arn, 474 U.S. 140, 155 (1985)).  The Court has reviewed the Report and finds it to be well-reasoned and free of any "clear error on the face of the record."  Fed. R. Civ. P. 72(b) advisory committee's note; see also Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).[1]

---

[1] The Court clarifies two facts presented in the Report.  First, the February 18, 2004 Partial Acceptance/Dismissal letter from the United States Postal Service Equal Employment Opportunity Office ("EEO") informed Plaintiff about his rights (1) to appeal a final agency decision ("FAD") and (2) to file a civil action.  See Pantoja Decl. Ex. 8 at 76-78.  Second, Plaintiff mailed his Notice of Appeal of the FAD to the Equal Employment Opportunity Commission on November 17, 2004.  See Pantoja Decl. Ex. 12.
   The Court agrees with Magistrate Judge Fox's analysis of Plaintiff's failure to timely (1) appeal the FAD and (2) commence a civil action following his October 14, 2004 receipt of the FAD.  Although Plaintiff filed this civil action on May 31, 2005, within the window of ninety calendar days set forth in the February 28, 2005 Equal Employment Opportunity Commission ("EEOC") Dismissal of Appeal, see Pantoja Decl. Ex. 13 at 2, "the filing of the suit within 90 days cannot cure the untimeliness of [Plaintiff's] original appeal.  To

---

hold otherwise would allow [Plaintiff] to circumvent the administrative procedures set up by Congress." Jenkins v. Potter, 272 F.Supp. 2d 557, 563 (S.D.N.Y. 2003).

The Court notes that Plaintiff is barred from pursuing the alleged breaches of the settlement agreement that resolved EEO Case No. 4A-104-0013-03 ("Settlement Agreement"), see Pantoja Decl. Ex. 4, through this civil action. In accordance with 29 C.F.R. § 1614.504(a), the Settlement Agreement explicitly stated that "[a]ny alleged breach arising out of the implementation of or compliance with this settlement agreement must be reported in writing to the EEO Office within 30 days of the alleged breach." The record simply cannot support a finding that Plaintiff complied with this requirement or, more broadly, that Plaintiff exhausted the administrative remedies available to him for alleged breaches of the Settlement Agreement.

Accordingly, the Court grants Defendant's motion for summary judgment [#22]. The Clerk of Court is directed to close the case. Any pending motions are moot.

SO ORDERED.

Dated:   New York, New York
         November **5**, 2007

_/s/ Kimba M. Wood_
Kimba M. Wood
United States District Judge

---

hold otherwise would allow [Plaintiff] to circumvent the administrative procedures set up by Congress." Jenkins v. Potter, 272 F.Supp. 2d 557, 563 (S.D.N.Y. 2003).